UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

**CIVIL ACTION NO. 25-38-DLB**

**TRAVIS J. STOUT**                                                                                       **PETITIONER**

**v.**                            **MEMORANDUM OPINION AND ORDER**

**WARDEN, FCI ASHLAND**                                                                   **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

Travis J. Stout is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Stout filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons ("BOP") is failing to apply certain time credits he has earned pursuant to the First Step Act and Second Chance Act. (Doc. # 1). The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Stout's petition. (Doc. # 7). Stout then filed a reply brief in support of his request for relief. (Doc. # 8). Thus, the petition is now ripe for a decision.

The Court has fully reviewed the parties' submissions and will deny Stout's petition because he has not demonstrated that the BOP's time credit calculations are incorrect. In its response brief, the Respondent discussed the relevant provisions of the First Step Act and Second Chance Act and explained:

> [A]s of May 6, 2025, [Stout] has 415 days towards residential re-entry or home confinement. The BOP applied, and Stout has received, the statutory maximum of 365 days of credits toward early transfer to supervised release, resulting in a projected release date of March 8, 2027, via First Step Act release, rather than his Final Statutory Release date of March 7, 2028.

> Stout's remaining 415 days of [First Step Act time credit] could be applied toward prerelease custody, that is, [residential reentry center] placement or home confinement.

(Doc. # 7 at 4 (citations omitted)).  The Respondent noted that these calculations resulted in a "[First Step Act] Conditional Placement Date of November 3, 2025," which is a "best-case scenario utilized for planning pre-release." *Id.* at 5.  That said, the Respondent explained that the conditional placement date of November 3, 2025 is simply a planning tool and not a guaranteed date; indeed, the Respondent emphasizes that the date Stout is actually transferred to prerelease custody depends on multiple factors, including but not limited to community resources.  *See id.*  The Respondent then explained that, ultimately, Stout is projected to enter a residential reentry center or halfway house on May 1, 2026, which is approximately 22 months before his statutory release date.  *Id.* at 6.

While Stout insists that he should be transferred to prerelease custody earlier, he has not demonstrated how the BOP's calculations are incorrect or otherwise inconsistent with applicable law.  As other federal courts have recognized, "the First Step Act did not change [the fact] that the BOP—not the Court—has the authority to make determinations related to prerelease custody."  *United States v. Pulido*, No. 19-cr-20615, 2022 WL 3005984, at *1 (E.D. Mich. July 28, 2022) (citing *United States v. Parks*, No. 1:17-cr-137, 2019 WL 5085968, at *2 (N.D. Ohio Oct. 10, 2019)).  Similarly, "the First Step Act did not alter the fact that the Second Chance Act does not guarantee residential re-entry center placement or home confinement, it only directs the Director of the Bureau of Prisons to consider it."  *United States v. Burkhart*, No. 6:03-cr-036-DCR, 2019 WL 615354, at *2 (E.D. Ky. Feb. 13, 2019) (citing *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009)).  Here, the BOP has calculated Stout's time credits and exercised its discretion to schedule a date for Stout's transfer to prerelease custody.  Since Stout has not established any

legal error with respect to the BOP's decisions, his habeas petition is unavailing and must be denied.

Accordingly, it is **ORDERED** as follows:

1. Stout's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

2. This matter is **DISMISSED** and **STRICKEN** from the docket; and

3. The Court will enter a corresponding Judgment.

This 13th day of August, 2025.

Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Stout 0-25-38 2241 Denial Order.docx